IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON DEWORD DADE,                )   | |
|         Petitioner,                            )   | |
|                                                      )   | No. 3:04-CV-0989-R |
| v.                                                  )   | |
|                                                      )   | |
| DOUGLAS DRETKE, Director,      )   | |
| Texas Department of Criminal Justice,  )   | |
| Correctional Institutions Division,       )   | |
|         Respondent.                         )   | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow.

**FINDINGS AND CONCLUSIONS**

**I.    NATURE OF THE CASE**

Jason Deword Dade ("Petitioner') seeks habeas corpus relief pursuant to 28 U.S.C. §§ 2241 and 2254.

**II.    PARTIES**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent Douglas Dretke ("Respondent") is Director of the TDCJ-CID.

**III.    PROCEDURAL BACKGROUND**

Petitioner pled guilty to two felony offenses of burglary of a habitation, each with one enhancement for a previous felony conviction, and the trial court sentenced Petitioner to deferred adjudication probation on each offense. *State v. Dade*, Nos. F99-36466-M and F99-36469-M

(194th Dist. Ct. of Dallas County, Tex. Oct. 12, 1999).  On July 20, 2000, Petitioner pled not guilty to the offense of theft of property, waived a jury, and presented evidence to the trial court. *State v. Dade*, No. F-0070324-QM (194th Dist. Ct. of Dallas County, Tex. Aug. 11, 2000).  3 SF 4.[1]  The trial court convicted him and sentenced him to two years on the conviction for theft of property.  Additionally, the trial court revoked his deferred adjudications, adjudicated him guilty in both cases of burglary of a habitation, and sentenced him to ten years in prison in each case, to be served concurrently.  5 SF 4, 28-29.  Petitioner appealed the three judgments, and the state appellate court affirmed them on October 10, 2001.  *Dade v. State*, No. 05-00-01323-CR, No. 05-00-01324-CR, No. 05-00-01325-CR (Tex. App.–Dallas 2001, pet. ref'd).  Petitioner filed separate petitions for discretionary review ("PDR") in cases No. 05-00-01324-CR and No. 05-00-01325-CR, but the Texas Court of Criminal Appeals refused both petitions.  *Dade v. State*, PDR Nos. 02-0384, 02-0385 (Tex. Crim. App. 2002).

Petitioner challenged his convictions in two state applications for writ of habeas corpus. *Ex parte Dade*, No. 53,454-07, 08 (Tex. Crim. App. Nov. 5, 2003).  Both writs were denied without written order on the findings of the trial court without a hearing.  *Id*. at covers.[2]  On May 2, 2004, Petitioner filed his federal petition for writ of habeas corpus.  (Fed. Writ Pet., last page.)

**IV.    EXHAUSTION OF STATE COURT REMEDIES**

---

[1]  "Tr." refers to the transcript of documents filed in the state trial court and entitled "Clerk's Record," preceded by the volume number, if more than one, and followed by the page number.  "SF" refers to the statement of facts, labeled the "Reporter's Record."  SF is preceded by the volume number and followed by the internal page numbers.

[2]   Petitioner filed six applications for writ of habeas corpus and/or mandamus before he filed the two applications challenging the convictions at issue here.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 2**

Respondent states that Petitioner has exhausted his available state court remedies.

## V. PETITIONER'S CLAIMS

In four claims, Petitioner asserts nine grounds for relief:

1. Illegal sentence: During the adjudication of guilt in connection with the deferred adjudications, the trial court did not ask Petitioner if he had anything to say "in bar of sentence" and did not orally pronounce him guilty;

2. His trial counsel had a conflict of interest because counsel previously had represented Petitioner's mother. Additionally, on a separate page under the heading "Question 2" Petitioner alleges: (a) a Brady violation; (b) Denial of Effective Assistance of Trial and Appellate Counsel; (c) Insufficiency of the Evidence; (d) Invalid Indictment; and (e) Guilty Plea not Knowing, Voluntary, and Intelligent;

3. The Texas Court of Criminal Appeals denied Petitioner the equal protection of the law and failed to respect its own rules; and

4. The trial court illegally enhanced Petitioner's sentence with his 1993 aggravated robbery which Petitioner committed when he was a juvenile.

## VI. STANDARD OF REVIEW

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 3**

28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The petition in this case is subject to review under the AEDPA.

Additionally, under 28 U.S.C. § 2254(d), a presumption of correctness must be accorded findings of fact made by a state habeas court if supported by the record.  *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citation omitted).  Moreover, when the petitioner has failed to develop the factual basis of a claim in the state court proceedings, the federal court may not hold an evidentiary hearing except in certain limited circumstances, none of which is present here.  *See* 28 U.S.C. § 2254(e)(2).

### VII.     ANALYSIS

#### 1.     Trial Court's Failure to Request Allocution

Petitioner alleges that the trial court erred by failing to ask him if he had anything to say in "bar of the sentence against him." This is purely a question of state law and does not state a cognizable federal claim. Federal habeas corpus review encompasses errors of constitutional magnitude, and habeas corpus relief may not be based upon errors of state law. 28 U.S.C. § 2254(a);[3] *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). When a federal court considers whether to grant habeas corpus relief, the decision is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam). The failure of a court to afford the defendant an opportunity for allocution is not an error that can be raised by collateral attack. *Hill v. United States*, 368 U.S. 424, 425-6 (1962).

Even if the Court were to address this claim, the Court would find it frivolous. The state appellate court found that the claim was procedurally barred by Petitioner's failure to object at trial to the trial court's error and by his failure to express any desire to be allowed to exercise his right to allocution under Texas law. *Dade*, Nos. 05-00-013223-25-CR slip op. at 6. A federal court may not consider a state inmate's claims on habeas corpus review, if the state court based its rejection of those claims on an independent and adequate state ground. *See Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). The state appellate court clearly found the claim to be procedurally barred, thereby removing it from this Court's consideration. Federal courts may not review a state court decision that rests on adequate and independent state procedural grounds, unless the habeas petitioner shows cause for the default and prejudice attributable to the default

---

[3] The terms of 28 U.S.C. § 2254(a) provide that a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 5**

or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed,* 489 U.S. 255, 262 (1989). Petitioner has not made the necessary showing.

Petitioner also alleges that the trial court did not make a pronouncement of guilt in open court. This is another purely state law question. Therefore, the claim is not cognizable in federal court. *Estelle*, 502 U.S. at 67-68; *Smith v. Phillips*, 455 U.S. 209, 221 (1982). Again, even if the Court were to consider the claim, it would not entitle Petitioner to relief. Under Texas law, the requisites of a judgment do not contain a requirement that a trial judge verbalize a finding of guilty; the judge must only make a written finding of guilt. *See* TEX. CODE CRIM. PROC. art 42.01. In this case, in compliance with Texas law, the written judgment pronounces Petitioner guilty. Petitioner signed a plea agreement, a jury waiver, a judicial confession, and the court's admonishment of statutory and constitutional rights in both cases. The trial court entered the written judgment adjudicating guilt in both cases. The state appellate court affirmed the convictions, and the trial court on habeas review accepted the findings of the state appellate court.

On habeas corpus review, the trial court found that the state appellate court thoroughly understood the facts and law relevant to Petitioner's claims when it affirmed his convictions. This decision is not clearly contrary to United States Supreme Court precedent and did not result in a decision that involved an unreasonable application of the facts in light of the evidence. This claim should be denied.

**2.      Conflict of Interest**

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 6**

Petitioner alleges that trial counsel had a conflict of interest. The Court can only assume that Petitioner is claiming that as a result of the alleged conflict, his attorney provided constitutionally ineffective assistance.

To sustain a claim of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense so gravely as to deprive the petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, the petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

To establish ineffective assistance based upon a conflict of interest, a movant who failed to raise an objection at trial must demonstrate that an actual conflict of interest adversely affected her counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Beets v. Scott*, 65 F.3d 1258, 1268 (5th Cir. 1995) (en banc) (holding that not every potential conflict, even in multiple representation cases, is an actual conflict for Sixth Amendment purposes). An actual

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

conflict exists when an attorney represents two clients whose interests in the outcome of a matter are different. *Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996). To establish an actual conflict, a movant must specifically identify instances in the record which reflect that counsel chose between possible alternative courses of action. *Id*. A conflict of interest must be actual rather than speculative before the constitutional guarantee of effective assistance of counsel is implicated. An actual conflict of interest occurs only when defense counsel places himself in a situation inherently conducive to divided loyalties, i.e., if the attorney owes a duty to the defendant to take some action that could be detrimental to his other client. *See Zuck v. Alabama*, 588 F.2d 436, 439 (5th Cir. 1979). Both prongs of the Strickland test must be satisfied. *Beets*, 65 F.3d at 1268-71.

      Petitioner does not allege counsel's performance was deficient. Instead, he contends counsel should not have represented him because he previously represented Petitioner's mother in an entirely different criminal case in which she went to prison. This claim is unsubstantiated and insufficient to support a claim of ineffective assistance of counsel. Conclusory allegations unsupported by any specific facts do not raise a constitutional issue in a habeas corpus proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). A petitioner must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment, and then, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. *Strickland*, 466 U.S. at 690. Petitioner has not shown a conflict of interest, much less deficient performance and prejudice sufficient to sustain an ineffective assistance of counsel claim under *Strickland*. The Court recommends that the "conflict of interest" claim be denied.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 8**

### 2(a).   A *Brady*[4] Violation

Petitioner alleges that the prosecution failed to disclose evidence favorable to the defense. The trial court found on habeas corpus review that Petitioner's allegations failed to state sufficient facts upon which relief could be granted and failed to present the court with any constitutional questions that would entitle him to relief. *Ex parte Dade*, No. 53,454-07 at 35; No. 53,454-08 at 37. It also found that Petitioner was not denied any rights guaranteed to him by the United States Constitution and that he failed to sustain his burden of proof with respect to his allegations. *Id*.

To establish a *Brady* claim, a petitioner must demonstrate that: (1) the prosecution suppressed evidence, (2) the evidence was favorable to him, and (3) the evidence was material. *United States v. Bagley*, 473 U.S. 667, 682 (1985). In this case Petitioner failed to satisfy this standard. The state court proceedings did not result in a decision that was clearly contrary to *Brady*, and Petitioner's *Brady* claim should be denied.

### 2 (b).   Denial of Effective Assistance of Counsel

Petitioner claims his trial counsel allowed the trial court to sentence him without pronouncing a finding of guilt and without asking him if he had anything to say "in bar of sentence." He contends that he sat in jail too long without receiving a trial date and that he requested a suppression hearing which the court continued several times without good cause. Additionally, he claims that counsel ignored Petitioner's request for an examining trial and failed

---

[4] The State has an affirmative duty to disclose all material, exculpatory evidence to the defense under *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 9**

to show sufficient reasons for a new trial.  Petitioner also alleged that appellate counsel provided ineffective assistance by failing to raise an ineffective assistance of counsel claim on appeal.

The state court found on habeas corpus review that appellate counsel presented the Appellate Court with an appellate brief which presented arguments and citations of authority for the proposition that Petitioner's conviction should be reversed, showing a thorough understanding of the facts and law relevant to his cases.  The trial court obtained an affidavit from Petitioner's trial counsel and, after a thorough review, denied Petitioner's litany of ineffective assistance of trial counsel claims.  The trial court found on habeas review that Petitioner "was represented by attorneys who exercised all of the skill and expertise which one could reasonable expect of an attorney" and that Petitioner "was in no way denied his right to effective assistance of counsel." *Ex parte Dade,* No. 53, 454-07 at  34; No. 53,454-08 at 36.  The state court's denial of Petitioner's ineffective assistance of counsel claims is not an unreasonable application of *Strickland*.  Petitioner's ineffective assistance of counsel claims should be denied in their entirety.

### 2 (c).   Factual Insufficiency of the Evidence

Factual insufficiency of the evidence claims are not cognizable on federal habeas corpus review.  Under Texas law, appellate courts conduct a "factual sufficiency" review of the evidence.  *See Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).  A review for factual sufficiency claims requires the appellate tribunal to view all the evidence without the prism of "in the light most favorable to the prosecution," and to set aside the verdict if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis*, 922 S.W. 2d at 133.  However, in challenges to state convictions under 28 U.S.C. § 2254, only the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), need be

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 10**

satisfied, even if state law would impose a more demanding standard of proof. *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990). Petitioner's factual sufficiency of the evidence claim does not raise a claim that is cognizable on federal habeas corpus review and should be dismissed.

### 2 (d). Invalid or Defective Indictment

Petitioner contends that the indictment was invalid because District Attorney Bill Hill signed the indictment "Bill Hill" rather than signing it "William Hill." Petitioner did not raise this claim on appeal and therefore, he could not raise it for the first time in his state habeas application. *See Ex parte Tovar*, 901 S.W. 2d 484, 485 (Tex. Crim. App. 1995) (holding that "only indictments which fail to set out an offense will be considered fundamentally defective and susceptible to a challenge for the first time in a post-conviction writ of habeas corpus.") Accordingly, Petitioner procedurally defaulted this claim, and he has not shown that failure to consider it would result in a complete miscarriage of justice. Additionally, in habeas actions, federal courts do not sit to review mere errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). At its core, Petitioner's claim only raises a question regarding Texas law. *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). Thus, because the indictment was sufficient under Texas law to confer jurisdiction on the trial court, Petitioner's indictment complaint provides no basis for federal habeas corpus relief. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994); *McKay v. Collins*, 12 F.3d 66, 68-69 (5th Cir. 1994). Petitioner's invalid or defective indictment claim should be denied.

### 2 (e). Guilty Plea Not Knowing, Voluntary, and Intelligent

Petitioner alleges that his plea was involuntarily made because the trial court would not give him a trial date and there was no evidence other than his plea to support his conviction.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 11**

Under Texas law, when an accused agrees to a plea bargain, there is a presumption that the plea is voluntary. *See State v. Vasquez*, 889 S.W.2d 588, 590 (Tex. App. – Houston [14th Dist.] 1994). The defendant has the burden of overcoming that presumption. *See Ex parte Adams*, 768 S.W.2d 281, 288-89 (Tex. Crim. App. 1989). On state habeas review, the trial court held that the court accepted Petitioner's plea of guilty after the court thoroughly and properly admonished him with respect to the meaning and consequences of his plea. *Ex parte Dade*, No. 53,454-07 at 34; No. 53,454-08 at 36. It further held that it would not have accepted the plea if it had not been convinced he knew and understood the consequences of the plea. *Id*. The trial court concluded that Petitioner's plea was knowingly and voluntarily entered. *Id*. The trial court further noted the "Waiver of Jury Felony Plea of Guilty/Nolo Contendere/Indictment/Information, Plea Bargain Agreement," and the "Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment," attached to the Habeas Decision as Exhibit 3 and denied relief on this ground. *Id*. Petitioner has not shown that the state court proceedings resulted in a decision that is clearly contrary to United States Supreme Court precedent or an unreasonable determination of the facts in light of the evidence.

3.     **Equal Protection**

Petitioner argues that the Court of Appeals did not follow its own rules and, therefore, he was denied due process. Petitioner offers no facts to substantiate any equal protection violation by the Fifth Court of Appeals nor does the record support such a claim. Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross*, 694 F.2d at 1011 ("[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.");

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 12**

*Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). The Court finds that this claim must be denied.

4. **Enhancement by a Previous Conviction**

Finally, Petitioner alleges that he was a juvenile when he committed the 1993 offense that was used for enhancement. However, Petitioner was tried as an adult and pled guilty pursuant to a plea agreement for a five-year sentence. Additionally, Petitioner pled true to the second enhancement paragraph. 2 SF 14, Exh. 2. By pleading true to the enhancement paragraph, a petitioner waives subsequent challenges to the validity of the prior conviction. *Parke v. Raley*, 506 U.S. 20, 27 (1992); *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995). Thus, Petitioner waived the challenges he makes here to using the 1993 conviction to enhance his sentences. This claim should also be denied.

Petitioner attempts to make the additional claim that his 1993 conviction was "uncounseled." In 1993, Petitioner pled guilty to aggravated robbery and burglary of a vehicle. The trial court sentenced him to five years in custody. *State v. Dade*, Nos. F-9303828-NI and F-93-3827-NI (203rd Dist. Ct. Dallas County, Tex. Oct. 22, 1993). Petitioner did not appeal but brought an ineffective assistance of counsel claim in his state habeas corpus application challenging his 1993 convictions. The state courts denied the claim. *Ex parte Dade*, No. 53,464-02, 03 (Tex. Crim. App. Dec. 4, 2002). Petitioner then brought a federal petition for writ of habeas corpus on this ground, but it was dismissed because he was not in custody pursuant to the convictions. *Dade v. Dretke*, No. 3:04-CV-990-K (N.D. Tex. Aug. 12, 2004). Assuming Petitioner could bring this claim now regarding the enhancement, he has not met the *Strickland* standard for ineffective assistance of counsel. Additionally, he has not proved that the state court

proceedings denying the claim resulted in a decision that was contrary to United States Supreme Court precedent or was an unreasonable determination of the facts in light of the evidence.

## RECOMMENDATION

Petitioner has failed to meet his burden to show that the state court adjudications of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.  28 U.S.C. § 2254(d). Therefore, the Court recommends that Petitioner's claim for habeas corpus relief  be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed April 11, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 15**