**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JASON DEWORD DADE, 1115939,**  ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **USDC 3:04-CV-0989-R** |
| ) | **USCA 06-10922** |
| **DOUGLAS DRETKE,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on February 6, 2007, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On October 19, 2006, the Fifth Circuit Court of Appeals remanded this case to determine whether Petitioner delivered his notice of appeal to prison officials for mailing on or before July 31, 2006. However, no mail log entries were found for Petitioner at the Telford Unit. (*See* Respondent's advisory to the Court filed on March 20, 2007).

On June 30, 2006, the Court dismissed this habeas corpus petition with prejudice. On July 5, 2006, the Court received a letter from Petitioner, advising that he would leave the Telford Unit temporarily for medical reasons. (Docket # 21). On August 7, 2006, the Court received Petitioner's request for a certificate of appealability (COA), which stated that today is July 30, 2006, that Petitioner wished to "object" to the dismissal of his habeas petition if given enough time, and that he would be leaving the Telford Unit once again for an early August 2006 medical appointment. (Docket #22). The Clerk docketed the pleading as a notice of appeal and a COA

request. On August 16, 2006, the Court denied the COA request. (Docket #23).[1]

Thereafter on August 22, 2006, Petitioner filed a pleading requesting "an extension of time to properly file a COA in this Court." (Docket #24). He stated that he had received the judgment on July 29, 2006, that he left the Telford Unit on July 30, 2006, for a doctor appointment, and that he returned to his Unit on August 9, 2006. (*Id.*) He asked that the Court grant him an extension until August 30, 2006 to file a COA request, and that his pleading be accepted as "my notice of appeal." (*Id.*).

Liberally construed, Petitioner's August 22, 2006 pleading sought an extension of time to file a notice of appeal within the requisite period. *See* Fed. R. App. P. 4(a)(5)(A)(i) (motion for extension of time must be filed within thirty days following the thirty-day period for filing a timely appeal). The Court notes that Petitioner has made a conscientious effort to keep the Court appraised of his temporary absences from the Telford Unit because of medical reasons, and to seek an extension of time to file a notice of appeal despite his absences. Because Petitioner has made a sufficient showing of excusable neglect, *see* Fed. R. App. P. 4(a)(5)(A)(ii), his motion for an extension of time should be granted.[2]

---

[1] Petitioner's August 7, 2006 pleading was post-marked on August 1, 2006.

[2] Federal Rule of Appellate procedure 4(a)(5) reads as follows:

**(5) Motion for Extension of Time.**

    **(A)** The district court may extend the time to file a notice of appeal if:

        **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

        **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

    **(B)** A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner should be GRANTED an extension until August 7, 2006 to file a notice of appeal, and that the case be RETURNED to the Fifth Circuit Court of Appeals.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent.

Signed this 22nd day of March, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

accordance with local rules.

**(C)** No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.